**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. ___1:22-cv-1098_____

BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY, a Delaware Corporation

     Plaintiff,

v.

BRUNKHORST TRUCKING, INC., a Nebraska corporation, and
JENSEN TRUCKING COMPANY, INC., a Nebraska corporation

     Defendant(s).

---

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff Burlington Northern Santa Fe Railway Company (hereinafter "BNSF"), by and through their counsel of record, Chad M. Knight and Brendan M. Johns of Knight Nicastro MacKay, LLC and hereby respectfully submits their Complaint and Demand for Jury Trial and alleges as follows:

## PARTIES

1.    Plaintiff, BNSF, is a Delaware Corporation with its principal place of business in Fort Worth, Texas. BNSF maintains and operates a railroad through the State of Colorado.

2.    Defendant Brunkhorst Trucking, Inc. was organized under the laws of Nebraska as a corporation with principal offices located at 1615 Broadway, Mitchell, Nebraska, and was engaged in the business of providing transportation services including in and through the State of Colorado.

3.    Defendant Jensen Trucking Company, Inc. was organized under the laws of Nebraska as a corporation with principal offices located at 205 W. 4th Street, Gothenburg,

PLAINTIFF BNSF RAILWAY COMPANY'S
COMPLAINT AND JURY DEMAND
PAGE 1

KNIGHT NICASTRO MACKAY, LLC
1401 WALNUT ST., STE 200
BOULDER, COLORADO
P: (720) 900-4171

Nebraska and was engaged in the business of providing transportation services including in and through the State of Colorado.

## JURISDICTION AND VENUE

4.     This Court has subject-matter jurisdiction over Plaintiff BNSF's claims against Defendant Brunkhorst Trucking, Inc., and Defendant Jensen Trucking Company, Inc., under 28 U.S.C. § 1332 based on diversity of citizenship and the amount in controversy, which exceeds $75,000 exclusive of interest and costs, as required by 28 U.S.C. § 1332.

5.     This Court has personal jurisdiction over Defendant Brunkhorst Trucking, Inc., and Defendant Jensen Trucking Company, Inc., because they purposefully availed themselves of the privilege of conducting activities in the State of Colorado, and the incident that is the subject of this lawsuit occurred in the State of Colorado, thereby creating sufficient minimum contacts to permit this Court to exercise jurisdiction over them.

6.     Venue to bring Plaintiff BNSF's claims in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2), which allows a civil action to be brought in a judicial district where a substantial part of the events or omissions giving rise to the claim occurred, and a substantial part of the events or omissions giving rise to Plaintiff BNSF's claims occurred in the State of Colorado.

## FACTUAL BACKGROUND

7.     At all times relevant, Defendant Brunkhorst Trucking, Inc., was the owner of a 2020 Freightliner Corp Truck, Cascadia Model, license plate number NETEMP, vehicle identification number 3AKJHHD1XLSLE7412 ("subject semi-truck").

8.     At all times relevant, David McKnight ("Mr. McKnight") was employed by Defendant Brunkhorst Trucking, Inc., as a truck driver.

**PLAINTIFF BNSF RAILWAY COMPANY'S**
**COMPLAINT AND JURY DEMAND**
PAGE 2

**KNIGHT NICASTRO MACKAY, LLC**
1401 WALNUT ST., STE 200
BOULDER, COLORADO
P: (720) 900-4171

9.     At all times relevant, Defendant Jensen Trucking Company, Inc., contracted with Defendant Brunkhorst Trucking, Inc., to lease the subject semi-truck.

10.    At all times relevant, Defendant Jensen Trucking Company, Inc., contracted with Defendant Brunkhorst Trucking, Inc., for the services of Mr. McKnight to operate the subject semi-truck.

11.    On or about January 10, 2020, Plaintiff BNSF's train was traveling southbound, approaching the railroad crossing at Logan County Road 74/North Street in Logan County, Colorado.

12.    At the same time and place, Mr. McKnight operated the subject semi-truck traveling southbound on Highway 113 near Logan County Road 74/North Street, which is parallel to the nearby BNSF railroad tracks on which Plaintiff BNSF's train was traveling.

13.    Mr. McKnight turned right (west) onto Logan County Road/74 North Street and continued traveling west, entering the railroad crossing located on Logan County Road/74 North Street.

14.    At all relevant times, the railroad crossing located on Logan County Road/74 North Street was controlled by a stop sign that requires motorists traveling west on Logan County Road 74/North Street to stop before entering the railroad crossing, and a railroad crossing sign that alerts motorists traveling west on Logan County Road 74/North Street to the railroad tracks and prohibits motorists from crossing the railroad tracks when a train is approaching the crossing.

15.    Mr. McKnight failed to comply with both the stop sign and railroad crossing sign controlling the railroad crossing located on Logan County Road/74 North Street by neglecting to: stop before entering the railroad crossing, check the railroad crossing for approaching trains, and

PLAINTIFF BNSF RAILWAY COMPANY'S
COMPLAINT AND JURY DEMAND
PAGE 3

KNIGHT NICASTRO MACKAY, LLC
1401 WALNUT ST., STE 200
BOULDER, COLORADO
P: (720) 900-4171

yield to the immediate approach of a train. Mr. McKnight instead proceeded to foul the railroad crossing directly in front of the immediate approach of a train resulting in a collision between the subject semi-truck and the train.

16.     The careless and negligent acts by Mr. McKnight violated federal laws and regulations promulgated by the Federal Motor Carrier Safety Administration ("FMCSA"), including but not limited to 49 C.F.R. § 382 *et seq.* (Controlled Substances and Alcohol Use and Testing), as well as Colorado statutes, including but not limited to Colo. Rev. Stat. § 42-4 *et seq.*

17.     The collision of the train and the semi-truck operated by Mr. McKnight and owned and/or controlled by Defendant Brunkhorst Trucking, Inc., and Defendant Jensen Trucking Company, Inc., caused BNSF locomotive and train cars to suffer severe damages.

**<u>CAUSES OF ACTION</u>**
**COUNT I – AGENCY**
**(DEFENDANT JENSEN TRUCKING COMPANY, INC.)**

18.     Plaintiff BNSF re-alleges all allegations contained in paragraphs 1-17 and incorporates the paragraphs by reference as though fully set forth and further states and alleges:

19.     At all times relevant, upon information and belief, Mr. McKnight was an employee and/or agent of Defendant Jensen, and Defendant Jensen controlled or had the right to control the performance and duties of Mr. McKnight as its employee.

20.     The aforementioned acts of Mr. McKnight were committed within the scope of his agency relationship with Defendant Jensen and in furtherance of the business interests of Defendant Jensen.

21.     As the principal for Mr. McKnight, Defendant Jensen is responsible for all acts committed by Mr. McKnight while in the scope of their agency.

PLAINTIFF BNSF RAILWAY COMPANY'S
COMPLAINT AND JURY DEMAND
PAGE 4

KNIGHT NICASTRO MACKAY, LLC
1401 WALNUT ST., STE 200
BOULDER, COLORADO
P: (720) 900-4171

22.     Mr. McKnight's negligence, which is imputed to Defendant Jensen based on their agency relationship, consisted of, among other acts and/or omissions:

    a.  Failure to comply with vehicle and traffic statutes, including but not limited to Colo. Rev. Stat. § 42-4-703 (Entering Through Highway – stop or yield instruction), Colo. Rev. Stat. § 42-4-706 (Obedience to railroad signal), Colo. Rev. Stat. § 42-4-707 (Certain vehicles must stop at railroad grade crossings);

    b.  Failure to keep a proper lookout for the approaching train;

    c.  Failure to stop or yield to the approaching train;

    d.  Failure to operate the semi-truck in a reasonable manner;

    e.  Failure to comply with criminal statutes, including but not limited to Colo. Rev. Stat. § 18-4-501(1) (Criminal Mischief);

    f.  Failure to comply with federal laws and regulations promulgated by the FMCSA, including but not limited to 49 C.F.R. § 382 *et seq*. (Controlled Substances and Alcohol Use and Testing); and

    g.  Other acts of negligence that may be developed during discovery.

23.     As the principal for Mr. McKnight, Defendant Jensen is responsible for the acts and/or omissions of Mr. McKnight, who operated the subject semi-truck in a negligent and careless manner while in the scope of their agency.

24.     As a direct and proximate result of Mr. McKnight's negligent acts and/or omissions, Plaintiff BNSF suffered damages.

PLAINTIFF BNSF RAILWAY COMPANY'S
COMPLAINT AND JURY DEMAND
PAGE 5

KNIGHT NICASTRO MACKAY, LLC
1401 WALNUT ST., STE 200
BOULDER, COLORADO
P: (720) 900-4171

**COUNT 2 – NEGLIGENCE/NEGLIGENCE PER SE – *RESPONDEAT SUPERIOR* – VICARIOUS LIABILITY (DEFENDANT JENSEN TRUCKING COMPANY, INC.)**

25.      Plaintiff BNSF re-alleges the allegations contained in paragraphs 1-24 and incorporates the paragraphs by reference as though fully set forth and further states and alleges:

26.      At all times relevant, upon information and belief, Mr. McKnight was an employee and/or agent of Defendant Jensen, and Defendant Jensen controlled or had the right to control the performance and duties of Mr. McKnight as its employee.

27.      At all times relevant, Mr. McKnight was acting within the scope and in furtherance of his employment as an employee and/or agent of Defendant Jensen, and Defendant Jensen was responsible for the acts and/or omissions committed by Mr. McKnight in the course and scope of Mr. McKnight's employment.

28.      Defendant Jensen, through its employment relationship with Mr. McKnight, is vicariously liable for the negligent acts and/or omissions of Mr. McKnight, all committed by Mr. McKnight within the scope and course of his employment and/or agency relationship with Defendant Jensen. Mr. McKnight's negligent acts and/or omissions include, but are not limited to, the above listed acts described in paragraph 22.

29.      That the above-listed statutes described in paragraph 22 were violated and were enacted to protect against the type of injuries and damages suffered by Plaintiff BNSF, and Plaintiff BNSF was a member of the group of persons the statutes were intended to protect. Accordingly, the statutory violations establish Defendant Jensen's fault under negligence per se.

30.      At all times relevant, the negligent acts and/or omissions of Mr. McKnight, including the above listed negligent acts and/or omission described in paragraph 22, are deemed

PLAINTIFF BNSF RAILWAY COMPANY'S
COMPLAINT AND JURY DEMAND
PAGE 6

KNIGHT NICASTRO MACKAY, LLC
1401 WALNUT ST., STE 200
BOULDER, COLORADO
P: (720) 900-4171

the acts and/or omissions of Defendant Jensen based on the doctrine of vicarious liability under the theory of *respondeat superior*.

31.     As a direct and proximate result of Mr. McKnight's negligent acts and/or omissions, Plaintiff BNSF suffered damages.

## COUNT THREE – NEGLIGENT ENTRUSTMENT
## (DEFENDANT JENSEN TRUCKING COMPANY, INC.)

32.     Plaintiff BNSF realleges all allegations contained in paragraphs 1 through 31 and incorporates the paragraphs by reference as though fully set forth and further states and alleges:

33.     At all times relevant, Defendant Jensen owned and/or retained control and authority over the subject semi-truck, and Defendant Jensen negligently entrusted Mr. McKnight with the use and operation of the subject semi-truck.

34.     At all times relevant, Defendant Jensen owed Plaintiff BNSF a duty to exercise reasonable care in entrusting the use and operation of the subject semi-truck to other persons.

35.     At all times relevant, Defendant Jensen knew, or in the exercise of ordinary care should have known, that Mr. McKnight was incompetent to drive, use, and/or operate the subject semi-truck, and that such incompetence created an unreasonable safety risk and/or risk of harm to others, including Plaintiff BNSF.

36.     As a direct and proximate result of Defendant Jensen negligently entrusting Mr. McKnight to drive, use, and/or operate the subject semi-truck in a negligent and careless manner, Plaintiff BNSF, without any contributory negligence, suffered damages.

## COUNT FOUR – NEGLIGENT HIRING, SUPERVISION/TRAINING, AND
## RETENTION
## (DEFENDANT JENSEN TRUCKING COMPANY, INC.)

PLAINTIFF BNSF RAILWAY COMPANY'S
COMPLAINT AND JURY DEMAND
PAGE 7

KNIGHT NICASTRO MACKAY, LLC
1401 WALNUT ST., STE 200
BOULDER, COLORADO
P: (720) 900-4171

37.     Plaintiff BNSF re-alleges all allegations contained in paragraphs 1 through 36 and incorporates the paragraphs by reference as though fully set forth and further states and alleges:

38.     At all times relevant, upon information and belief, Mr. McKnight served as an employee and/or agent of and for Defendant Jensen.

39.     Defendant Jensen owed Plaintiff BNSF a duty to exercise reasonable care in the hiring and selecting of an employee and/or agent who was competent and fit to perform the duties required as an employee and/or agent of Defendant Jensen, and Defendant Jensen owed a duty to exercise reasonable care when supervising, training, and retaining its employees and/or agents.

40.     Defendant Jensen knew, or in the exercise of ordinary care should have known, through reasonable or adequate hiring, supervision, training, and retention practices, that Mr. McKnight was incompetent and unfit for the duties required of him as an employee and/or agent of Defendant Jensen.

41.     Defendant Jensen breached its duty to Plaintiff BNSF by failing to exercise reasonable care when hiring, supervising, training, and retaining Mr. McKnight, an employee and/or agent who was incompetent and unfit for the position.

42.     As a direct result of Defendant Jensen's negligence in hiring, supervising, training, and retaining Mr. McKnight, who operated the subject semi-truck under the control of Defendant Jensen in a negligent and reckless manner, Plaintiff BNSF, who without any contributory negligence, suffered damages.

### COUNT FIVE – AGENCY
### (DEFENDANT BRUNKHORST TRUCKING, INC.)

PLAINTIFF BNSF RAILWAY COMPANY'S
COMPLAINT AND JURY DEMAND
PAGE 8

KNIGHT NICASTRO MACKAY, LLC
1401 WALNUT ST., STE 200
BOULDER, COLORADO
P: (720) 900-4171

43.     Plaintiff BNSF re-alleges all allegations contained in paragraph 1-42 and incorporates the paragraphs by reference as though fully set forth and further states and alleges:

44.     The aforementioned acts of Defendant Jensen and Mr. McKnight set forth in paragraphs 1-42 were committed while acting as agents of Defendant Brunkhorst.

45.     The aforementioned ats of Defendant Jensen and Mr. McKnight set forth in paragraphs 1-42 were committed while in the scope of their agency with Defendant Brunkhorst and while furthering the business interests of Defendant Brunkhorst.

46.     Defendant Brunkhorst, as the principal, had control or the right to control the duties performed by Defendant Jensen and Mr. McKnight.

47.     Defendant Brunkhorst failed to properly and safely supervise its agents, Defendant Jensen and Mr. McKnight.

48.     As the principal for Defendant Jensen and Mr. McKnight, Defendant Brunkhorst is responsible for all acts committed by Defendant Jensen and Mr. McKnight while in the scope of their agency, including the collision in this case that caused Plaintiff BNSF's damages.

### COUNT SIX – NEGLIGENCE/NEGLIGENCE PER SE – *RESPONDEAT SUPERIOR* – VICARIOUS LIABILITY (DEFENDANT BRUNKHORST TRUCKING, INC.)

49.     Plaintiff BNSF re-alleges all allegations contained in paragraphs 1-48 and incorporates the paragraphs by reference as though fully set forth and further states and alleges:

50.     In the alternative, and at all times relevant hereto, Defendant Jensen and Mr. McKnight were employees and/or agents of Defendant Brunkhorst, and Defendant Brunkhorst controlled or had the right to control the performance and duties of Defendant Jensen and Mr. McKnight as its employees and/or agents.

PLAINTIFF BNSF RAILWAY COMPANY'S
COMPLAINT AND JURY DEMAND
PAGE 9

KNIGHT NICASTRO MACKAY, LLC
1401 WALNUT ST., STE 200
BOULDER, COLORADO
P: (720) 900-4171

51.     At all times relevant, Defendant Jensen and Mr. McKnight were acting within the scope and in furtherance of their employment and/or agency relationship with Defendant Brunkhorst, and Defendant Brunkhorst was responsible for the acts committed by Defendant Jensen and Mr. McKnight in the course and scope of their employment and/or agency.

52.     That Defendant Brunkhorst, through its employment and/or agency relationship, is vicariously liable for the negligent acts of Defendant Jensen and Mr. McKnight described above, all committed by Defendant Jensen and Mr. McKnight within the scope and course of their employment and/or agency relationship with Defendant Brunkhorst.

53.     That the above-listed statutes set forth in paragraph 22 were violated and were enacted to protect against the type of damages suffered by Plaintiff BNSF, and Plaintiff BNSF was a member of the group of persons the statutes were intended to protect. Accordingly, the statutory violations establish Defendant Brunkhorst's fault under negligence per se.

54.     At all time relevant, the negligent acts and/or omissions of Mr. McKnight and Defendant Jensen, including the negligent acts listed above, are deemed the acts and/or omissions of Defendant Brunkhorst based on the doctrines of vicarious liability under the theory of *respondeat superior*.

55.     As a direct and proximate result of the above-described negligent acts and/or omissions, Plaintiff BNSF suffered damages.

### COUNT SEVEN – NEGLIGENT ENTRUSTMENT
### (DEFENDANT BRUNKHORST TRUCKING, INC.)

56.     Plaintiff re-alleges all allegations contained in Paragraphs 1 through 55 and incorporates the paragraphs by reference as though fully set forth and further states and alleges:

PLAINTIFF BNSF RAILWAY COMPANY'S
COMPLAINT AND JURY DEMAND
PAGE 10

KNIGHT NICASTRO MACKAY, LLC
1401 WALNUT ST., STE 200
BOULDER, COLORADO
P: (720) 900-4171

57.     At all times relevant, Defendant Brunkhorst owned and/or retained control over the subject semi-truck, and Defendant Brunkhorst negligently entrusted Mr. McKnight with the use and operation of the subject semi-truck.

58.     At all times relevant, Defendant Brunkhorst owed Plaintiff BNSF a duty to exercise reasonable care in entrusting the use and operation of the subject semi-truck to other persons.

59.     At all times relevant, Defendant Brunkhorst knew or in the exercise of ordinary care should have known that Mr. McKnight was incompetent to operate and/or use the subject semi-truck, and that such incompetence created an unreasonable safety risk and/or risk of harm to others, including Plaintiff BNSF.

60.     Defendant Brunkhorst's breach of the aforementioned duty was a direct and proximate cause of Plaintiff BNSF suffering damages.

61.     As a direct and proximate result of Defendant Brunkhorst negligently entrusting Mr. McKnight to drive and/or operate the subject semi-truck in a negligent and reckless manner, Plaintiff BNSF, without any contributory negligence, suffered damages.

### COUNT EIGHT – NEGLIGENT HIRING, SUPERVISION/TRIANING, AND RETENTION
### (DEFENDANT BRUNKHORST TRUCKING, INC.)

62.     Plaintiff BNSF re-alleges all allegations contained in paragraphs 1 through 61 and incorporate the paragraphs by reference as though fully set forth and further states and alleges:

63.     At all times relevant, upon information and belief, Mr. McKnight served as an employee and/or agent for Defendant Brunkhorst.

PLAINTIFF BNSF RAILWAY COMPANY'S
COMPLAINT AND JURY DEMAND
PAGE 11

KNIGHT NICASTRO MACKAY, LLC
1401 WALNUT ST., STE 200
BOULDER, COLORADO
P: (720) 900-4171

64.     Defendant Brunkhorst owed Plaintiff BNSF a duty to exercise reasonable care in the hiring and selecting of an employee and/or agent who was competent and fit to perform the duties required as an employee and/or agent of Defendant Brunkhorst, and Defendant Brunkhorst owed a duty to exercise reasonable care when supervising, training, and retaining its employees and/or agents.

65.     Defendant Brunkhorst knew, or in the exercise of ordinary care should have known, through reasonable or adequate hiring, supervising, training, and retention practices, the Mr. McKnight was incompetent and unfit for the duties required of him as an employee and/or agent of Defendant Brunkhorst.

66.     Defendant Brunkhorst breached its duty to Plaintiff BNSF by failing to exercise reasonable care when hiring, supervising, training, and retaining Mr. McKnight, an employee and/or agent who was incompetent and unfit for the position.

67.     As a direct result of Defendant Brunkhorst's negligence in hiring, supervising, training, and retaining Mr. McKnight, who operated the subject semi-truck that was owned and/or controlled by Defendant Brunkhorst in a negligent and reckless manner, Plaintiff BNSF, who without any contributory negligence, suffered damages.

## **PRAYER OF RELIEF**

WHEREFORE, Plaintiff respectfully prays this Honorable Court enter judgment in Plaintiff BNSF's favor against Defendants Jensen Trucking Company, Inc., and Brunkhorst Trucking, Inc., and award the following relief against Defendants:

A.  Damages in the amount of $355,094.00.

B.  Reasonable attorney fees and costs as allowed by law;

C.  Pre- and post-judgment interest; and

**PLAINTIFF BNSF RAILWAY COMPANY'S**
**COMPLAINT AND JURY DEMAND**
PAGE 12

**KNIGHT NICASTRO MACKAY, LLC**
1401 WALNUT ST., STE 200
BOULDER, COLORADO
P: (720) 900-4171

D. Any such other and further relief as the Court may, in law or in equity, deem reasonable and proper.

## DEMAND FOR JURY TRIAL

Plaintiff BNSF respectfully demands a jury trial as to all issues raised herein.

DATED this 4th day of May, 2022.

By: */s/ Chad M. Knight*
    Chad M. Knight
    Brendan M. Johns
    KNIGHT NICASTRO MACKAY, LLC
    1401 Walnut Street, Ste 200
    Boulder, CO 80302
    Telephone: 720-900-4171
    Facsimile: 816-396-6233
    knight@knightnicastro.com
    johns@knightnicastro.com
    Attorneys for (Plaintiff) Burlington Northern
    Santa Fe Railway Company

**PLAINTIFF BNSF RAILWAY COMPANY'S**
**COMPLAINT AND JURY DEMAND**
PAGE 13

**KNIGHT NICASTRO MACKAY, LLC**
1401 WALNUT ST., STE 200
BOULDER, COLORADO
P: (720) 900-4171